UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARIO YOUNG, ) | CASE NO.:   1:06CV238 |
| ) | 1:04CR633 |
| Petitioner, ) | |
| ) | JUDGE JAMES S. GWIN |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| UNITED STATES OF AMERICA, ) | REPORT AND RECOMMENDATION |
| ) | OF MAGISTRATE JUDGE |
| Respondent. ) | |

On January 31, 2006, Petitioner Mario Young ("Petitioner"), a federal prisoner currently incarcerated in North Central Correctional Facility in Marion, Ohio filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ECF Dkt. #1.[1] For the following reasons, the undersigned recommends that the Court deny Petitioner's § 2255 motion.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On December 21, 2004, the grand jury returned an indictment against Petitioner alleging that on or about August 19, 2004, in the Northern District of Ohio, Eastern Division, he knowingly and intentionally possessed with the intent to distribute 13.33 grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B). *See* No. 1:04CR633, ECF Dkt. #1.  Count 1 further contained a specification concerning criminal history whereby the grand jury found that Petitioner was previously convicted in the Richland County Court of Common Pleas of felony drug trafficking in violation of Ohio Revised Code §2925.03 in Case Number

---

[1]Unless otherwise indicated, cited docket entries are from the instant case.

99CR538-D. *Id.*

On April 8, 2005, Petitioner appeared before United States District Judge James S. Gwin for arraignment where he entered a not guilty plea with counsel. No. 1:04CR633, ECF Dkt. #9. On May 16, 2005, Petitioner pleaded guilty to the indictment and Judge Gwin referred Petitioner for a presentence investigation and scheduled his sentencing date. *See id.*, ECF Dkt. #s 15 and 17.

On August 29, 2005, Judge Gwin sentenced Petitioner to 90 months of incarceration, five years of supervised release and a $100 special assessment. No. 1:04CR633, ECF Dkt. #s 24, 25. Petitioner did not file a direct appeal challenging his sentence.

On December 5, 2005, Petitioner filed a pro se "Requests for <u>Notice of Appeal packet</u>, <u>Motion to Correct Sentence</u> and <u>Plea Hearing</u> and <u>Sentencing hearing</u> transcripts" in the District Court. No. 1:04CR633, ECF Dkt. #26. In this request, Petitioner indicated that he had been unable to communicate with his counsel and counsel had failed to file a notice of appeal on his behalf. *Id*. He also indicated that he had participated in a plea hearing in which he agreed to a plea agreement with a sixty-month sentence. *Id.* Petitioner's pro se document was sent to the Sixth Circuit Court of Appeals as a notice of appeal. *Id.*, ECF Dkt. #26.

On February 9, 2006, the Sixth Circuit Court of Appeals issued an Order dismissing Petitioner's appeal. No. 1:04CR633, ECF Dkt. #29. The Sixth Circuit explained that on December 22, 2005, it had directed Petitioner by Order to show cause within twenty-one days as to why his appeal should not be dismissed for failure to comply with Rule 4(b) of the Federal Rules of Appellate Procedure which required the filing of a timely notice of appeal within ten days of the judgment in his criminal case. The Sixth Circuit noted Petitioner's response which indicated that he thought that his attorney was going to file an appeal on his behalf, his late notice of appeal was

unintentional, and his request that the Court grant him an extension of time within which to appeal. *Id.*

The Sixth Circuit indicated that Judge Gwin entered his judgment on September 2, 2005, and the notice of appeal dated November 20, 2005, but not filed until December 5, 2005, was late. No. 1:04CR633, ECF Dkt. #26. The Court held that compliance with Rule 4(b) of the Federal Rules of Appellate Procedure was a mandatory prerequisite which it could neither waive nor extend. *Id.* (citations omitted). The Court thus dismissed Petitioner's appeal.

On January 31, 2006, while he was awaiting a ruling by the Sixth Circuit on his untimely notice of appeal, Petitioner filed the instant § 2255 motion to vacate, set aside, or correct his sentence. ECF Dkt. #1. While he does not specifically delineate grounds for relief in his § 2255 motion, the crux of Petitioner's motion is that the Court allegedly erred in sentencing him to ninety months of imprisonment because this sentence was based upon an erroneous calculation of his Criminal History Category in the presentence investigation report (PSI). *Id.* Petitioner thereafter presents four alleged bases upon which the United States Probation Office incorrectly determined his Criminal History Category. *Id.*

On February 3, 2006, the instant case was referred to the undersigned for a report and recommendation. ECF Dkt. #3. On March 6, 2006, Respondent filed a brief in opposition to Petitioner's § 2255 motion. ECF Dkt. #5. On April 10, 2006, Petitioner filed a reply brief. ECF Dkt. #6.

**II.    STANDARD OF REVIEW**

Under 28 U.S.C. § 2255, a federal inmate is provided with a post-conviction means of collaterally attacking his conviction or sentence. *See In re Gregory*, 181 F.3d 713, 714 (6th Cir.

-3-

1999). Section 2255 sets forth four grounds upon which federal prisoners may challenge their conviction or sentence:

1. That the sentence was imposed in violation of the Constitution or laws of the United States;
2. That the court was without jurisdiction to impose such sentence;
3. That the sentence was in excess of the maximum authorized by law;
4. That the sentence is otherwise subject to collateral attack.

*U.S. v. Hill*, 368 U.S. 424. 426-27 (1962); 28 U.S.C. § 2255.

Motions brought pursuant to § 2255 are the sole means by which a federal prisoner can collaterally attack a conviction or sentence that he alleges to be in violation of federal law. *See Davis v. U.S.*, 417 U.S. 333 (1974); *Cohen v. U.S.*, 593 F.2d 766, 770 (6th Cir. 1979). In order to prevail on a Section 2255 motion alleging a constitutional error, "the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *U.S. v. Watson*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamso*n, 507 U.S. 619, 637-38 (1993)); *Griffin v. U.S.*, 30 F.3d 733, 736 (6th Cir. 2003). Conversely, in order to prevail on a Section 2255 motion alleging non-constitutional error, the petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *U.S. v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *U.S. v. Hill*, 368 U.S. 424, 428 (1968)). Thus a petitioner seeking collateral relief "must clear a significantly higher hurdle than would exist on direct appeal." *U.S. v. Frady*, 456 U.S. 152, 166 (1982).

### III. LAW AND ANALYSIS

#### A. WAIVER AND PROCEDURAL DEFAULT

It appears that Petitioner has procedurally defaulted his instant claims both because he failed

to object to alleged errors in the PSI at sentencing and because he filed an untimely appeal to the Sixth Circuit Court of Appeals. First, while not argued by Respondent, Petitioner is foreclosed from raising the instant issues in his §2255 motion relating to challenges to facts and computations in the PSI by his failure to object to the alleged errors at sentencing. *United States v. Cullen*, 67 F.3d 123, 124 (6th Cir.1995) ( "defendant has waived his sentencing arguments by failing to raise them at sentencing .... a failure to object results in a waiver." ); *Smith v. United States,* 876 F.2d 655, 657 (8th Cir.1989) (failure to raise challenges to presentence investigation report at sentencing precludes raising them in a § 2255 motion ); *McNeil v. United States,* 72 F.Supp.2d 801, 808 (N.D. Ohio 1999).

In order to obtain relief on errors in which no contemporaneous objections were made, a petitioner must show cause excusing this procedural default and prejudice resulting from the errors of which he complains. *Nagi v. U.S.,* 90 F.3d 130, 134 (6th Cir. 1996), citing *United States v. Frady,* 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594-95, 71 L.Ed.2d 816 (1982). Petitioner makes no argument as to why objections were not made at the time of the sentencing to alleged errors in the PSI. In fact, the sentencing transcript shows that both Petitioner and his counsel agreed that no mistakes were found in the PSI:

> THE COURT: ...Mr. Young, have you received a copy of the presentence report?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Have you gone through each paragraph of that report with your counsel, Mr. LaRue?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Mr Young or Mr. LaRue, do either of you believe there are any mistakes in the report?

>MR. LARUE: No, your Honor.
>
>THE COURT: Did you find any mistakes Mr Young?
>
>THE DEFENDANT: No, sir.

8/29/05 Sentencing Transcript at 1. Moreover, even if he had presented cause, Petitioner presents no basis for finding prejudice and he has not demonstrated a fundamental miscarriage of justice. Thus, it appears that Petitioner has procedurally defaulted his claims of errors in the PSI by failing to object to errors in the PSI at sentencing.

In addition, as pointed out by Respondent, a question arises as to whether Petitioner has also procedurally defaulted his instant claims because he failed to raise them on direct appeal. ECF Dkt. #5 at 3. Respondent is correct that if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge. *U.S. v. Montano*, 398 F.3d 1276, 1279-1280 (11th Cir. 2005) (citing *Mills v. U.S.*, 36 F.3d 1052, 1055 (11th Cir. 1994)). A defendant cannot overcome this procedural bar unless he can demonstrate cause for the default and show actual prejudice suffered as a result of the alleged error. *Id.* In the alternative, a defendant can also overcome the procedural bar created by the failure to appeal if he can demonstrate a fundamental miscarriage of justice.

Here, Respondent argues that Petitioner procedurally defaulted his instant claims because he failed to raise them on direct appeal. Respondent is technically correct because although Petitioner did attempt to directly appeal his sentence, the Sixth Circuit dismissed his appeal as untimely filed. The record reflects that Petitioner filed a notice of appeal in this Court on December 5, 2005 which was subsequently transferred to the Sixth Circuit Court of Appeals. On December 22, 2005, the Sixth Circuit held an appellate briefing schedule in abeyance and issued an order

requiring Petitioner to show cause as to why he filed a late notice of appeal. ECF Dkt. #6, Attachment 1, Exhibit D. On January 23, 2006, Petitioner evidently filed a response to the order to show cause, and he contends here that this filing contained specifics relating to his claims of constitutional violations in sentencing. *See* Sixth Circuit Court of Appeals Electronic Docket, Docket; ECF Dkt. #6 at 4. However, neither party has provided that document to this Court. Nevertheless, on February 9, 2006, the Sixth Circuit found that Petitioner's reasons for untimely filing his direct appeal were inadequate and dismissed Petitioner's untimely appeal pursuant to Rules 4(b) and 26(a) of the Federal Rules of Appellate Procedure. ECF Dkt. #6, Attachment 1, Exhibit A.

Since Petitioner filed an untimely direct appeal in the Sixth Circuit and thus did not raise the instant issues in direct appeal because of the untimely filing, the undersigned recommends that the Court find that he has procedurally defaulted his claims in the instant motion. However, unlike his failure to object at sentencing, Petitioner argues that he can demonstrate cause and prejudice in order to excuse the instant procedural default as he asserts that he untimely filed his notice of appeal because he believed that the Court had appointed trial counsel as his appellate counsel and had ordered counsel to file his notice of appeal. ECF Dkt. #6 at 2. Petitioner further indicated that he was unable to contact his counsel because he was returned to state custody on unrelated charges and when he did attempt to contact counsel after he was able to do so, he could not get hold of him for two months. *Id.* at 1. It was only then that Petitioner asserts that he filed his untimely notice of appeal.

A review of the transcript of the sentencing does indicate that the Court informed Petitioner of his right to appeal and informed Petitioner's retained trial counsel that he should file a notice of

appeal if Petitioner desired to appeal and file a motion for the appointment of counsel if Petitioner became unable to retain counsel. 8/29/05 Sentencing Transcript. However, Petitioner attaches a letter from his trial counsel dated December 9, 2005 in which counsel acknowledged receipt of Petitioner's untimely notice of appeal and thereafter attempted to address the issues that Petitioner raised in his notice of appeal relating to his sentence. ECF Dkt. #6, Attachment 1, Exhibit C. But Petitioner only provides the first page of this letter, so the undersigned cannot determine whether counsel acknowledged error in not filing a timely notice of appeal or whether counsel had spoken to Petitioner within the appeal period and they had decided not to appeal. Counsel does state in the introductory paragraph of the letter that his letter sought to clarify and correct a number of Petitioner's "inaccurate and incorrect statements and/or allegations with regards to what you expected to result from your plea in the above captioned case, and a possible appeal thereafter." *Id.*

Without more complete information, it is difficult to determine whether Petitioner's counsel failed to file an appeal on Petitioner's behalf even after Petitioner's direction to do so or whether it was agreed that an appeal would not be filed. But giving Petitioner the benefit of every doubt, the undersigned will review the merits of Petitioner's claims upon the presumption that he has adequately established cause and prejudice in order to excuse this procedural default.

**B.    MERITS REVIEW**

Even presuming that Petitioner has avoided procedural default, the undersigned recommends that the Court find that Petitioner's instant claims still fail on their merits. Defendants have a right under the principles of due process not to be sentenced on the basis of inaccurate information. *United States v. Tucker*, 404 U.S. 443 (1972); *Townsend v. Burke*, 334 U.S. 736 (1948). A court must vacate a defendant's sentence if the court relied upon inaccurate information of a constitutional

magnitude. *Tucker*, 404 U.S. at 447-449. Petitioner's overall assertion in this case is that the United States Probation Office based its PSR on incorrect and erroneous information. Petitioner calls specific attention to four areas in which points were added to his Criminal History Category.

### 1. "ITEM #41" IN PSI

First, Petitioner contends that paragraph 41 of his Criminal History in the PSI incorrectly adds one point to his Criminal History Category based upon an alleged felony case in which he received one year of probation. ECF Dkt. #1 at 3. Petitioner asserts that this description of the offense is incorrect as the incident was a petty misdemeanor conviction for disturbing the peace which resulted in a $100 fine and payment of costs. *Id.* In support, Petitioner refers to an attached affidavit in which his mother verified the factual summary and disposition by contacting the Mansfield Municipal Court and the Clerk of Courts for Richland County. ECF Dkt. #6, Attachment 1. In Number 41 of the PSI, it is noted that Petitioner was arrested on November 19, 1998 for obstructing official business and was sentenced on January 19, 1999 to one year of probation, a $100 fine and $62.00 in court costs. ECF Dkt. #1, Attachment 1. The Guideline applied is cited as 4A1.1(c) and one point is attributed to Petitioner for this conviction. *Id.*

Section 4A1.1 of the advisory United States Sentencing Guidelines is entitled Criminal History Category and states in relevant part:

> The total points from items (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
>
> **(a)** Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> **(b)** Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

> **(c)** Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item.
>
> **(d)** Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.
>
> **(e)** Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item.
>
> **(f)** Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was considered related to another sentence resulting from a conviction of a crime of violence, up to a total of 3 points for this item. *Provided,* that this item does not apply where the sentences are considered related because the offenses occurred on the same occasion.

U.S.S.G. § 4A1.1.

The relevant Application Notes to 4A1.1(c) indicate that:

> Certain prior sentences are not counted or are counted only under certain conditions:
>
> Sentences for certain specified non-felony offenses are counted only if they meet certain requirements. **See** § 4A1.2(c)(1).
>
> Sentences for certain specified non-felony offenses are never counted. **See** § 4A1.2(c)(2).

Application Notes to U.S.S.G. § 4A1.1(c).  U.S.S.G.  §§ 4A1.2(c)(1) and (c)(2) provide:

> **c) Sentences Counted and Excluded**
>
> Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows:
>
> **(1)** Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:

-10-

        Careless or reckless driving

        Contempt of court

        Disorderly conduct or disturbing the peace

        Driving without a license or with a revoked or suspended license

        False information to a police officer

        Fish and game violations

        Gambling

        Hindering or failure to obey a police officer

        Insufficient funds check

        Leaving the scene of an accident

        Local ordinance violations (excluding local ordinance violations that are also criminal offenses under state law)

        Non-support

        Prostitution

        Resisting arrest

        Trespassing.

        **(2)** Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted:

        Hitchhiking

        Juvenile status offenses and truancy

        Loitering

        Minor traffic infractions (**e.g.,** speeding)

        Public intoxication

        Vagrancy.

U.S.S.G. § 4A1.2(c).

Thus, under the Sentencing Guidelines, all prior felonies are counted toward the Criminal History Category and all prior misdemeanors and petty misdemeanors are also counted, unless the misdemeanors and petty misdemeanors are listed in U.S.S.G. § 4A1.2(c)(1) or similar to those listed offenses and meet the requirements of that section or they are specifically excluded under U.S.S.G. § 4A1.2(c)(2).  As explained by the Sixth Circuit Court of Appeals in *United States v. Rollins*, 97 Fed. Appx. 577, 578, 2004 WL 9599993 (6th Cir. May 3, 2004), unpublished:

> Under the Sentencing Guidelines, a defendant's criminal history category includes all prior misdemeanors, unless they are specifically excluded in one of two subsections. U.S.S.G. § 4A1.2(c) (2002). First, misdemeanors listed in § 4A1.2(c)(1) or "offenses similar to" those listed are excluded from the criminal history calculation unless "(A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." ... Second, § 4A1.2(c)(2) separately excludes other prior misdemeanors...and "offenses similar to them" from a defendant's relevant criminal history.

A review of the PSI in this case shows that the case number for the Mansfield Municipal Court case is incorrect.  According to that court's website, the correct case number is 98CRB4398, not 98 CRB4389.  *See* http://www6.mapstrategies.com /mansfield/index.html.  Nevertheless, Petitioner's conviction in that court was for obstructing official business and not disturbing the peace as he argues.  *Id.*  Obstruction of official business conviction is not on the list of offenses in U.S.S.G. § 4A1.2(c)(1), it is not similar to any of those listed offenses, and it is not similar to Petitioner's instant offense which involved possession of crack with the intent to distribute.   Thus, whether Petitioner received probation on this conviction does not matter because this conviction fails to meet the first requirement of U.S.S.G. § 4A1.2(c)(1) in order to

-12-

even look at whether it would be excluded as it was not on the list of offenses, is not similar to any of the offenses, and is not similar to Petitioner's instant conviction.

Although he does not make the argument, the only exception that could possibly apply would be that of a local ordinance violation, which is indicated in the list of excludables under U.S.S.G. §4a1.2(c)(1) if probation is less than one year or imprisonment less than thirty days and the offense is not similar to the instant offense. While U.S.S.G. § 4A1.2(c)(1) lists local ordinance violations as excludable, however, it also indicates that local ordinance violations that are also criminal offenses under state law fall out of this exception. In other words, if a local ordinance violation is one that is also a criminal offense under state law, the conviction is counted and the sentence is treated as if the petitioner had been sentenced under state law. *See* Application Note 12 to U.S.S.G. § 4A1.2(c). Here, Petitioner's violation of obstructing official business under the City of Mansfield's Municipal Code is also a violation of state law under Ohio Revised Code §2921.31. Accordingly, this conviction would count.

Moreover, even if Petitioner's argument that he did not receive one year of probation on this 1998 offense of obstructing official business as indicated in the PSI, he provides no proof to support this assertion, other than a statement that his mother contacted the proper courts and they told her that probation was not part of the sentence. ECF Dkt. #1 at 4. This is insufficient proof to establish that probation was not a part of Petitioner's sentence.

For these reasons, the undersigned recommends that the Court find that Petitioner's first assertion fails on its merits.

    **2.**     **"ITEM #42" IN PSI**

Petitioner also argues that paragraph number 42 of the PSI is incorrect because the one

point attributed to his Criminal History Category here is not supported by any record or report to show that he was arrested, convicted or sentenced for this case. ECF Dkt. #1 at 4. Paragraph number 42 of Petitioner's Criminal History in the PSI indicates that Petitioner was arrested on July 25, 1999 for driving under the influence/drugs and was sentenced to three days in jail, one year or probation and fines and costs by the Mansfield Municipal Court in Case Number 99TRC11056 and he was rearrested for failure to appear at his fine hearing. ECF Dkt. #1, Attachment 1 at 9.

The undersigned recommends that the Court find that this assertion is meritless. A review of the Mansfield Municipal Court website shows that Petitioner was arrested on July 25, 1999 on a DUI/drugs charge and there is indeed a Case Number 99TRC11056 in which Petitioner entered a guilty plea to the charge. *See* http://www6.mapstrategies.com/mansfield/index.html. Thus, a record exists that verifies the information provided in the PSI.

### 3. "ITEM #44" IN PSI

Petitioner argues that this paragraph of the PSI is incorrect because the conviction was counted as a felony conviction when in fact it was a petty misdemeanor conviction for which he served only county jail time. ECF Dkt. 31 at 4. Petitioner also complains that the offense is not verified and the two points added do not count because he spent time in the county jail, not in prison. *Id.* at 4-5. Paragraph 44 of Petitioner's Criminal History in the PSI indicates that he was arrested on January 10, 2002 for possession of drugs and he was sentenced to thirty days in jail and two years of community control by the Richland County Court of Common Pleas in Case Number 02CR91. ECF Dkt. #1, Attachment 1 at 9.

The undersigned notes that the PSI does not mention whether Petitioner's conviction was for a felony or a misdemeanor. And the docket of the Richland County Court of Common Pleas verifies exactly that which the Probation Office noted in the PSI. It shows that on January 10, 2002, Petitioner was charged with drug abuse, a misdemeanor of the first degree, and it further shows that Petitioner entered a guilty plea to the charge, and on August 16, 2002, he was sentenced to six months in the county jail with two years of community control, with the jail time suspended unless he tested positive for drugs. *See* http://www.richlandcountyoh.us/courtv.htm. If he tested positive for drugs on this sentencing date, the court would impose a thirty-day jail sentence with two years of community control. *Id*. Petitioner tested positive for drugs on August 16, 2002 and the thirty-day sentence was imposed. *Id.*

The Richland County Court of Common Pleas Docket also shows that shortly thereafter, a warrant was issued for Petitioner's arrest for violating his probation and on March 10, 2003, the Richland County Court of Common Pleas sentenced Petitioner to 118 days in the Richland County Jail after finding that Petitioner had served 65 days of the underlying 183-day sentence that was reimposed. *See* http://www.richlandcountyoh.us/courtv.htm. On May 7, 2003, the court suspended the 118-day sentence and on May 12, 2003, Petitioner's community control was terminated. *Id.*

Thus, contrary to Petitioner's assertion, information from the Richland County Court of Common Pleas verified the information provided in the PSI. In the PSI, the Probation Officer attributed two points for this conviction and cited U.S.S.G. §4A1.1(b) as authority in which to do so. ECF Dkt. #1, Attachment 1 at 9.

As to Petitioner's assertion that his time spent in the county jail did not meet the definition of "sentence of imprisonment" for purposes of U.S.S.G. §4A1.1, the Sixth Circuit has rejected this assertion, finding that:

> Taylor cites to no authority that instructs us to ignore the plain language of the Guidelines and hold that a "sentence of imprisonment" may only be served in a state institution. Nothing in the language of the Guidelines gives any justification for limiting the definition to confinement in state institutions alone; and the appellant has provided no valid reason for our doing so.

*U.S. v. Taylor,* 16 F.3d 1223, No 93-5728, 1994 WL 25076 at *4 (6th Cir. Jan. 27, 1994), unpublished.  As in *Taylor*, Petitioner in this case provides no basis for holding that a jail sentence does not meet the definition of "sentence of imprisonment" for federal guideline purposes and the Guideline language does not so limit that definition.  Accordingly, the undersigned recommends that the Court reject Petitioner's assertion that his jail sentence does not meet the Guideline definition of "sentence of imprisonment."

For these reasons, the undersigned recommends that the Court find that Petitioner's argument as to paragraph number 44 in the PSI is meritless.

### 4. "ITEM #45" OF PSI

In his final challenge, Petitioner contends that paragraph number 45 of the PSI is incorrect because the true nature of this offense was a petty misdemeanor conviction for disorderly conduct in which neither imprisonment nor probation was ordered.  ECF Dkt. #1 at 5. Petitioner contends that he only paid fines and costs relating to this conviction.  In paragraph number 45 of the PSI, the Probation Officer listed a date of arrest of August 6, 2002 for assault with a disposition on April 26, 2004 by the Mansfield Municipal Court for payment of fines and

-16-

costs. ECF Dkt. #1, Attachment 1 at 11. The Probation Officer attributed one point to Petitioner's Criminal History score under U.S.S.G. §4A1.1(c).

The PSI does not indicate that this conviction was for a felony, misdemeanor or petty misdemeanor. And the PSI accurately reflects that which Petitioner states; that his sentence did not involve imprisonment or probation, but rather the payment of fines and costs. The Mansfield Municipal Court docket confirms the information outlined in the PSI, except that the conviction was for negligent assault, not assault as reflected in the PSI. It was not a conviction for disorderly conduct, as alleged by Petitioner, however.

Since the docket of the Mansfield Municipal Court verifies the information provided in the PSI as to this particular conviction and sentence, the undersigned recommends that the Court find that Petitioner's instant assertion is meritless.

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court dismiss Petitioner's § 2255 motion in its entirety with prejudice. ECF Dkt. #1.

Date:  August 7, 2006  /s/George J. Limbert

George J. Limbert
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objection within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).